UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WADE KNIGHT,

                  Petitioner,

    v.

JULIE CAVANAUGH-BILL ,

                  Respondent.

Case No. 3:14-cv-00209-MMD-WGC

ORDER

     The Court has construed this action as a petition for a writ of habeas corpus. Minute Order (dkt. no. 10). Currently before the Court are the application to proceed *in forma pauperis* (dkt. no. 9) and the complaint filed on this Court's form for actions pursuant to 42 U.S.C. § 1983. Petitioner has informed the Court that he is a prisoner at the Southern Desert Correctional Center (dkt. no. 11). The application (dkt. no. 9), filed before petitioner's current incarceration, now is stale. A complete application now will include a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2.

     The complaint on this Court's § 1983 form is unsuitable for a petition for a writ of habeas corpus. Petitioner will need to file a habeas corpus petition on this Court's form, providing all the information required and naming the correct respondent.

     It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 9) is denied without prejudice.

It is further ordered that petitioner shall file another application for leave to proceed *in forma pauperis*, accompanied by a signed financial certificate and a statement of his inmate account. The Clerk of the Court shall send petitioner a blank application form for incarcerated litigants. In the alternative, petitioner shall make the necessary arrangements to pay the filing fee of five dollars ($5.00), accompanied by a copy of this order. Petitioner shall have thirty (30) days from the date that this order is entered to comply. Failure to comply will result in the dismissal of this action.

It is further ordered that the Clerk of the Court shall send petitioner a blank form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and instructions. Petitioner shall have thirty (30) days from the date that this order is entered to file a completed and signed petition, or the Court will dismiss this action.

It is further ordered that neither the time limits above, nor any extension of them, shall be construed as an extension of the one-year period of limitation of 28 U.S.C. § 2244(d)(1). Petitioner remains responsible for calculating whether the petition that he files is timely.

DATED THIS 8th day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE